IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **RANDY COOPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:05-0103 |
| ) | |
| **THOMAS McBRIDE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 8, 2005, Plaintiff, an inmate at Mount Olive Correctional Complex [MOCC] acting *pro se*, filed a Complaint, an Application to Proceed Without Prepayment of Fees and a Consent to Collection of Fees from Trust Account. (Document Nos. 1, 2 and 4.)[1] Having examined Plaintiff's Complaint, the undersigned finds that Plaintiff's Application to Proceed Without Payment of Fees (Document No. 1.) must be **DENIED** and his Complaint (Document No. 2.) must be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) and the District's Court's injunction of his initiation of further actions pursuant thereto as issued in prior actions.

Including this action, Plaintiff has initiated 32 actions in this Court between September, 1999, and the present, all of which have been dismissed except this action and an action filed on March 1, 2005, as the following chart indicates.[2]

---

[1]Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Plaintiff pled guilty and was convicted of first degree murder in Cabell County, West Virginia, in 1996. The undersigned has learned from the office of the Clerk of the Circuit Court of Cabell County that Plaintiff did not take a direct appeal from his conviction and sentence. In

| Case Style | Case Number | Nature of Case (as docketed) | Date Filed | Assigned Judge | Disposition |
|---|---|---|---|---|---|
| Cooper v. Painter | 5:99-0771 | § 1983 | 9/8/99 | Judge Faber | Dismissed as frivolous and for failing to state a claim for which relief can be granted over Plaintiff's objection. |
| Cooper v. Rhoads | 5:00-0978 | § 1983 | 10/18/00 | Judge Faber | Dismissed as frivolous and for failing to state a claim for which relief can be granted over Plaintiff's objections. |
| Cooper v. Juline | 5:00-1083 | § 1983 | 11/17/00 | Judge Faber | Dismissed as frivolous and for failing to state a claim for which relief can be granted over Plaintiff's objections. |
| Cooper v. Painter | 5:00-1084 | § 1983 | 11/17/00 | Judge Faber | Dismissed as frivolous and for failing to state a claim for which relief can be granted over Plaintiff's objections. |
| Cooper v. Rhoads | 5:00-1182 | § 2254 | 12/14/00 | Chief Judge Haden | Dismissed summarily over Petitioner's objections. |
| Cooper v. Rhoads | 5:00-1203 | § 2241 | 12/19/00 | Judge Faber | Dismissed as frivolous and for failing to state a claim for which relief can be granted over Petitioner's objections. |
| Cooper v. Rhoads | 5:01-0550 | § 2254 | 6/20/01 | Chief Judge Haden | Dismissed. |

---

2001, and nearly five years after his conviction and sentence, he filed a Petition for Writ of Habeas Corpus in the Circuit Court. His Petition was denied. Plaintiff has since filed motions for appointment of counsel and sought a trial, all of which have been denied.

| Case Style | Case Number | Nature of Case (as docketed) | Date Filed | Assigned Judge | Disposition |
|---|---|---|---|---|---|
| Cooper v. Rhoads | 5:01-0591 | § 1983 | 7/5/01 | Judge Faber | Dismissed. |
| Cooper v. Painter | 5:01-0664 | § 1983 | 7/26/01 | Judge Faber | Dismissed as frivolous. |
| Cooper v. Ackerman | 5:01-0762 | § 2254 | 8/17/01 | Judge Chambers | Dismissed. |
| Cooper v. Rubenstein | 5:01-1006 | § 1983 | 11/1/01 | Judge Faber | Dismissed. |
| Cooper v. Rubenstein | 5:02-0227 | § 2254 | 3/13/02 | Judge Chambers | Dismissed pursuant to 28 U.S.C. § 1915(g). |
| Cooper v. State of WV | 5:02-0325 | § 1983 | 4/10/02 | Judge Chambers | Dismissed pursuant to 28 U.S.C. § 1915(g). |
| Cooper v. State of WV | 5:02-0342 | § 2254 | 4/15/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Bouchillon | 5:02-0425 | § 2254 | 5/7/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Wise | 5:02-0937 | § 2254 | 7/15/02 | Chief Judge Haden | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. State of West Virginia | 5:02-0938 | § 2254 | 7/15/02 | Chief Judge Haden | Dismissed. |
| Cooper v. Rhodes | 5:02-1076 | § 1983 | 8/27/02 | Chief Judge Haden | Dismissed; Plaintiff advised that documents submitted in the future would be subject to pre-filing review. |
| Cooper v. Wilson | 5:02-1400 | § 1983 | 12/3/02 | Judge Haden | Dismissed; Plaintiff enjoined from filing further actions. |

| Case Style | Case Number | Nature of Case (as docketed) | Date Filed | Assigned Judge | Disposition |
|---|---|---|---|---|---|
| Cooper v. McBride | 5:02-1413 | § 1983 | 12/9/02 | Judge Haden | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Cortrell | 5:02-1414 | § 2254 | 12/9/02 | Judge Chambers | Dismissed pursuant to 28 U.S.C. § 1915(g). |
| Cooper v. Williams | 5:02-1415 | § 1983 | 12/9/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Wilson | 5:02-1416 | § 1983 | 12/9/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Carcilli | 5:02-1417 | § 2254 | 12/9/02 | Judge Chambers | Dismissed. |
| Cooper v. Foster | 5:02-1419 | § 1983 | 12/9/02 | Judge Haden | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Stanton | 5:02-1420 | § 1983 | 12/9/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Bess | 5:02-1421 | § 1983 | 12/9/02 | Chief Judge Faber | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Wilkinson | 5:02-1422 | § 1983 | 12/9/02 | Judge Haden | Dismissed; Plaintiff enjoined from filing further actions. |
| Cooper v. Rhodes | 5:02-1425 | § 2254 | 12/10/02 | Judge Haden | Dismissed. |
| Cooper v. Unit Commander Q1, *et al.* | 5:03-0472 | § 1983 | 5/27/03 | Chief Judge Faber | Dismissed. |
| Cooper v. McBride | 5:05-0103 | § 1983 | 2/8/05 | Judge Chambers | Recommendation of Dismissal. |

| Case Style | Case Number | Nature of Case (as docketed) | Date Filed | Assigned Judge | Disposition |
|---|---|---|---|---|---|
| Cooper v. Rubenstein, *et al.* | 5:05-0177 | § 1983 | 3/1/05 | Chief Judge Faber | Pending; Clerk sent letter to Plaintiff advising of injunction against further filings. |

This action must also be dismissed insofar as Plaintiff is apparently seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Commonly known as the "three strikes" rule of the Prison Litigation Reform Act of 1995 [PLRA][3], the statute abrogates prisoners' entitlement to bring civil actions or appeals *in forma pauperis* after having three or more such actions dismissed as frivolous, malicious or failing to state a claim unless they are in danger of serious physical harm. It does not preclude them from filing such actions and paying the filing fee in full as they initiate them rather than in payments as anticipated by 28 U.S.C. 1915(b)(1) when they are granted *in forma pauperis* status.

Pursuant to 28 U.S.C. § 1915(g), Judge Haden and Chief Judge Faber issued decisions as noted in the chart above enjoining Plaintiff from filing further suits *in forma pauperis* unless he met

---

[3] The statute does not apply to *habeas* actions. *Smith v. Angelone*, 111 F.3d 1126, 1131 (4th Cir. 1997), *cert. denied*, 521 U.S. 1131, 118 S.Ct. 2, 138 L.Ed.2d 1036 (1997)("[A]pplying the PLRA to habeas actions would have an inequitable result certainly unintended by Congress: a prisoner who had filed three groundless civil suits might be barred any access to habeas relief.") *and quoting from* Chief Judge Posner's opinion in *Martin v. United States*, 96 F.3d 853, 855 - 56 (7th Cir. 1996).

5

certain conditions. Chief Judge Faber stated as follows in his Memorandum Opinion, Judgment Order, and Injunction Order in Civil action Nos. 5:02-0342, 5:02-0425, 5:02-1415, 5:02-1416, 5:02-1420 and 5:02-1421:

> [O]n plaintiff's continuing abuse of in forma pauperis status, and in accord with Judge Haden's recent ruling in Civil Action Nos. 5:02-1400, 5:02-1413, 5:02-1419, and 5:02-1422, the court ORDERS as follows:
>
> 1. Plaintiff is ENJOINED from filing any further actions in this District without first paying the required filing fee in full or seeking and obtaining leave from the District Court to file in forma pauperis . To receive in forma pauperis status in the future, plaintiff must demonstrate to the court that he is in imminent danger of serious physical injury.
>
> 2. The Clerk is DIRECTED not to accept any additional filings from the plaintiff without payment in full of the required filing fee or a directive from a district judge or magistrate judge of this court that the plaintiff may file his documents with in forma pauperis status.
>
> 3. Plaintiff hereby receives notice that any failure to comply with this Order will constitute contempt of court and will subject him to court-ordered sanctions.

Plaintiff has clearly initiated three or more civil actions *in forma pauperis* which have been dismissed as frivolous and for failing to state a claim upon which relief can be granted. In his Complaint in this case, Plaintiff alleges excessive periods of punitive segregation; provocation, harassment and threats against him by MOCC staff and other inmates; monitoring of his thoughts and brainwashing; and infliction of mental stress. The undersigned finds that the allegations contained in Plaintiff's Complaint do not indicate that he is in imminent danger of serious physical injury.[4] Because Plaintiff has filed more than three actions *in forma pauperis* which have been

---

[4] Documents which Plaintiff filed in 5:05-0177 indicate that he was subject to disciplinary proceedings between approximately November, 2000, and April, 2001, for setting a fire in his cell and destruction of property, possession of a weapon, assault and battery and self-mutilation. It further appears that Plaintiff has stated the same allegations in that case as he does

dismissed as frivolous or for failing to state a claim for which relief can be granted and the allegations contained in the Complaint in this case do not suggest that Plaintiff is in imminent danger of serious physical injury, this action is prohibited and Plaintiff is prohibited under 28 U.S.C. § 1915(g) and the District Court's injunction against Plaintiff's filing of further actions *in forma pauperis*. Accordingly, Plaintiff is not entitled to maintain this action *in forma pauperis*, and this action must be dismissed.

For the foregoing reasons, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and **DISMISS** this case with prejudice from the Court's docket.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th

---

in this one.

Cir. 1984). Copies of such objections shall be sent or otherwise delivered to United States District Judge Chambers and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff who is acting *pro se*.

Date: August 18, 2005.

R. Clarke VanDervort
United States Magistrate Judge